## PETERSEIN v BALLARD et

Ohio Appeals, 2nd Dist, Miami Co

No 277.  Decided Nov 30, 1931

E. H. & R. A. Kerr, Tippecanoe City, for plaintiff.

F. C. Goodrich, Troy, for defendant.

HORNBECK, J.

It is the testimony of the defendants that at the time of the transfer of the real estate from William Hugh Ballard to Germaine Ballard, his second wife, he had paid but $450.00 on the purchase price of $3100.00 for the property described in the petition; that Mr. Warner, holder of a mortgage against the real estate was demanding his money and that defendant, William Hugh Ballard was without any funds with which to pay; that thereupon his wife defendant, Germaine Ballard after learning how much could be secured from a loan company on mortgage advanced $900.00 on the indebtedness with the agreement that the property should be transferred to her. The second wife claims to have saved this money during the world war out of money paid to her by the French Government for services as an ambulance driver in the War; that she had sent it to her mother in France who had kept it throughout the years and had finally forwarded it to defendant, Germaine Ballard after her divorce from her former husband. She claims to have carried this money on her person and never to have had it in a bank or other safety deposit institution. She explains the failure to place it in a bank as the custom in France and in her family. Her story, therefore, must be taken in the light of the explanation and considered to determine its truth.

It is true that a presumption of constructive fraud follows a transfer of real estate by a creditor when made without consideration but this does not apply to a purchaser for value who takes without knowledge of the indebtedness of the grantor. The deed in question recites a valuable consideration. If true, no fraud appears and the burden is met by the defendants even if imposed upon them.

The plaintiff to recover in this case must carry the burden of proof of actual fraud to require the favorable action of this Court as against the defendant, Germaine Ballard if she was a purchaser for value. However, it makes little difference upon whom the burden is cast because all the testimony affecting the question of consideration and good faith comes from the defendants. It seems evident that there was little or no equity in defendant William Hugh Ballard in the real estate when it was transferred to his wife nor does it appear that she knew that he was in arrears in any sum in the payment of support money for his children. Thus there is no showing of

overt fraud.

Although the statement of the second wife is unusual, we cannot say that it is untrue. It is as reasonable to believe that she had $900.00 as that her husband had this sum of money. He had several times been cited into Court for failure to pay $6.50 per week and later $5.00 per week for his children and at each hearing the Court had held he was not in contempt. This certainly is tantamount to a finding that he was unable to pay. If he was unable to pay $6.50 per week for his children it is not at all likely that he had $900.00 in cash when the deed was made to his second wife. Of course the testimony respecting payments on the property after the deed was transferred to the second wife would only be competent as it might relate, to the improbability of the good faith of the transaction at the time the deed was made from William Hugh Ballard to Germaine Ballard and though some of the money which went into the property after the deed to Germaine Ballard may have come from her husband this in itself would not require a 'setting aside of the transfer.

We have considered the cases cited but find none in conflict with our conclusion.

**Loudenbeck vs Foster, 39 Oh St, 203** was a case wherein the Court held that a secret trust for the benefit of certain creditors was implied from the transaction and that the grantee was put on notice by the record of the specific judgment of Foster. This action was probably brought under what is now §6117 GC and not under §6118 GC under which the instant action must have been instituted.

**Oliver vs Moore, et al, 23 Oh St, 473** involved a transfer by a husband to a wife under circumstances which the Court found to be a gift and upon this state of fact the fourth proposition of the syllabus was enunciated, namely,

"It being made to appear that the debt was contracted by the donor prior to the making of the gift, the burden of showing the solvency of the debtor at the time of making the gift rests upon the defendant."

This case would clearly be applicable if the record supported the theory of a gift.

Likewise **Huwe vs Knecht, et al, 10 Oh Ap, 487** was predicated upon a gift to his wife by a husband, who was heavily in debt, of all his unincumbered real estate,

**Bowlus vs Shaunabarger, 10 O C D, 167** is in accord with the decision in **Huwe vs Knecht, supra.**

A case which is somewhat parallel to the instant suit is **Singree vs Welch and wife**

32 Oh St, 320, wherein a husband having unpaid indebtedness had transferred certain land worth $3000.00 for the consideration of the release of his wife's inchoate right of dower. It was estimated that the value of the dower released as of the date of the instrument was only $200.00 but, because of the uncertainty from day to day of its value, the Court held (1) that the release was a valuable consideration and (2) that the conveyance should not be held fraudulent and void as to the husband's creditors unless the amount of consideration received was so disproportionate to the value of the wife's contingency as to be unreasonable. In this case if the wife advanced $900.00, it was the full value of the equity of her husband in the real estate transferred to her.

The record does not afford abiding conviction that the transaction occurred as claimed by the second wife, but no more plausible explanation appearing we cannot find therein proof that this transfer was made in fraud of the creditor, the plaintiff in this case.

The finding and judgment will therefore be for the defendants.

ALLREAD, PJ, and KUNKLE, J, concur.